## Kissel Motor Company, Appellant, v. Rudolph Docauer and Adolph Docauer, Appellees.

### Gen. No. 21,838.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Lock-wood Honore, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed February 14, 1916.

### Statement of the Case.

Action of replevin by Kissel Motor Company, a corporation, plaintiff, against Rudolph Docauer and Adolph Docauer, defendants. From a judgment for defendants, plaintiff appeals.

The evidence showed that November 1, 1912, defendants bought of the plaintiff an auto truck, and in part payment therefor gave twelve notes for $125 each, one thereof payable on or before the 6th day of each succeeding twelve months, and to secure said notes gave a chattel mortgage on the truck purchased. The defendants and their brother Jerry were partners in an auto express business. The first four notes falling due were paid, and the controversy is as to the note which fell due April 6th and the one which fell due June 6th. Jerry Docauer testified that he and Adolph called on Mr. Rix, the assistant manager of plaintiff in Chicago, about April 1st, and told him that they had some money coming from plaintiff and wanted a statement; that Rix said: "Never mind the April note; that he would furnish us a statement of all our credits, and if there was anything to be paid for these two April notes that we would pay the balance, and he agreed to it that he would send us our statement."

Rix died before the trial.

The court gave for the defendants the following instruction:

"The jury are further instructed that if they believe from the evidence that the defendants requested the plaintiff company manager to apply credits claimed by them to be due from the company toward the payment of the April note, and that such manager stated, in substance, that he would do so, and requested them not to pay any further attention to the April note until he rendered them a statement of such credits and that the statement of account was not thereafter rendered them, and that no demand or request was thereafter made upon the defendants for payment of such note, such facts will void any right which might otherwise accrue to the mortgagee company, plaintiff herein, to forfeit the mortgagors' interest in the property, as for a default of the mortgage terms for failure to pay said April note, until such time as the mortgagee company should render such statement and demand payment thereof."

NORMAN K. ANDERSON, for appellant.

FRANCIS A. McDONNELL, for appellees; GERALD BARRY of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 106*—*when evidence of conversation with deceased person admissible.* Evidence of one not a party to a suit as to a conversation with an assistant manager of the corporation plaintiff who had died before the trial is admissible.

2. INSTRUCTIONS, § 119*—*when giving of instruction not founded on evidence improper.* In an action of replevin, an instruction examined and *held* improper as not being founded on the evidence.

3. BILLS AND NOTES, § 96*—*when evidence insufficient to show valid agreement for extension of time of payment.* Evidence examined and *held* not to show a valid agreement for the extension of the time for the payment of a note.

4. BILLS AND NOTES, § 96*—*what essential to extension of time for payment.* An extension of the time for the payment of a note entered into before the note is due must be for a definite time.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. REPLEVIN, § 156*—*when order for return of mortgaged property not proper.* In an action of replevin for property held under a chattel mortgage, where the evidence shows that at the time of the trial all the notes were due, that the condition of the mortgage was broken and plaintiff was entitled to possession of the mortgaged property, it is improper to 'order the return of the property.